734 So.2d 1105 (1999)
Ryan Paul WHITEAKER, a minor, By and Through his parents and natural guardian, Stacy PARKER, and Stacy Parker, individually, Appellants,
v.
Don GILREATH, Appellee.
No. 98-00786.
District Court of Appeal of Florida, Second District.
May 5, 1999.
Rehearing Denied June 14, 1999.
*1106 Bruce L. Scheiner and Associates and Bruce L. Scheiner, Fort Myers, and Thomas M. Pflaum, Micanopy, for Appellants.
Curtright C. Truitt of Curtright C. Truitt, P.A., Fort Myers, for Appellee.
FULMER, Judge.
In this personal injury action, Ryan Whiteaker and his mother Stacy Parker appeal the judgment entered in favor of defendant Don Gilreath after the trial court directed a verdict based on a finding that there was no evidence upon which the jury could find that Don Gilreath was the owner of a front-end loader on which Ryan was injured. We reverse.
The underlying facts are mostly undisputed. On May 30, 1995, Ryan Whiteaker was playing at the home of Patricia and Joe Gilreath with their child Gary and other neighborhood children. Ryan and the other children were riding in the scoop bucket of a front-end Bobcat loader when the machine tipped and injured Ryan. Gary was driving the loader. Ryan and his mother sued Gary, his parents and Gary's uncle, Don Gilreath. The plaintiffs alleged that the loader was owned by either Joe Gilreath or Don Gilreath, or both.
Don moved for summary judgment, asserting that he had no ownership interest in the loader on the date of the accident because three days before the accident he had sold the machine to his brother, Joe. The trial court entered a summary judgment in favor of Don on the basis that there was no issue of material fact as to ownership. That judgment was reversed on appeal in Whiteaker v. Gilreath, 693 So.2d 118 (Fla. 2d DCA 1997), wherein we stated, "[t]he affidavit on file and the circumstances of the case fail to preclude at least an inference that [Don] Gilreath was the owner of the bucket loader at the time of the accident." On remand, the case proceeded to trial, during which the trial court granted a directed verdict in favor of Don.
In this appeal, we again review the determination by the trial judge that as a matter of law the plaintiffs were unable to show that Don was the owner at the time of the accident. At trial, the defendants presented the direct testimony of both Don and Joe indicating that Don sold the loader to Joe three days before the accident. The defendants produced a receipt, signed by Don, consisting of the single sentence, "Received from Joe Gilreath Fifteen Hundred Dollars for the purchase price in full for a Bobcat Skid Loader, Serial # 12004." The pertinent evidence for the plaintiffs, some of which was proffered to the trial court, came from two sources. The plaintiffs' investigator, Harry Landbo, recounted *1107 a conversation that occurred eleven days after the accident in which Joe stated that he had borrowed the loader from his brother Don, who was the owner of the machine. Joe's wife, Patricia, had testified in a deposition that on the day before the accident, Joe told her he was going to buy the loader, but she told him they could not afford it. Joe had not told her that he paid Don any money for the loader.
The trial court ruled that the testimony of Landbo and Patricia Gilreath was admissible to impeach Joe's testimony that he had purchased the loader from Don, but it was not admissible as substantive evidence of ownership by Don. Thus, the trial court concluded that there was no evidentiary basis for the jury to find that Don owned the loader at the time of the accident. We do not agree that the trial court's evidentiary ruling compelled the conclusion that Joe owned the loader.
A trial court is authorized to grant a directed verdict only if there is no evidence or reasonable inferences to support the nonmoving party's position. See Greene v. Flewelling, 366 So.2d 777, 780 (Fla. 2d DCA 1978). Here, the trial court determined that Joe's testimony was impeached but not Don's and, therefore, Don's testimony that he sold the loader to Joe was the only substantive evidence upon which the issue of ownership could be decided. However, the trial court failed to consider the permissible inference that could be drawn from all the evidence presented. Section 90.301(3), Florida Statutes (1997), provides that nothing in the Evidence Code will prevent the drawing of an inference that is appropriate. "An inference is a logical deduction of fact that the trier of fact draws from the existence of another fact or group of facts. Whether the inferred fact is found to exist will be decided by the trier of fact." Charles W. Ehrhardt, Florida Evidence § 301.1, at 78 (1999 ed.).
If the jury chose to disbelieve Joe's testimony that he purchased the loader, the reasonable inference that arises is that no sale occurred. The inferred fact that no sale occurred contradicts Don's testimony that he sold the loader to Joe. Because it was undisputed that Don owned the loader prior to the claimed sale, the inferred fact provides an evidentiary basis for the jury to conclude that Don still owned the machine at the time of the accident.
Accordingly, we reverse the final judgment and remand for further proceedings.
Reversed and remanded.
PARKER, C.J., and SALCINES, J., Concur.